# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO
_____

UNITED STATES OF AMERICA,

      Plaintiff,

    v.                              No. 2:20-CR-456 WJ

BARBARA VELASCO-MARES

      Defendant.

## MEMORANDUM OPINION AND ORDER GRANTING IN PART DEFENDANT'S MOTION TO SET ASIDE PLEA AGREEMENT OR, IN THE ALTERNATIVE, TO WITHDRAW GUILTY PLEA

**THIS MATTER** is before the Court on Defendant's Motion to Set Aside Plea Agreement, or in the Alternative, to Withdraw Guilty Plea (**Doc. 17**).  The Court, having reviewed the briefing and considered the applicable law, finds that the motion is well taken in part and is therefore **GRANTED IN PART.**  The Court will allow Defendant to set aside her plea agreement.  Her guilty plea stands.

## BACKGROUND

Defendant is charged with re-entry of a removed alien.  On February 10, 2020, she pleaded guilty to a violation of 8 U.S.C. § 1326(a) and (b) pursuant to a Federal Rule of Criminal Procedure 11(c)(1)(C) fast-track plea agreement.  (Doc. 13.)  As part of the agreement, Defendant is prohibited from seeking further reductions, departures or variances.  (*Id.* at 4.)  A plea hearing was held before United States Magistrate Judge Gregory Fouratt, who accepted Defendant's plea but deferred acceptance of the plea agreement until this Court held its final disposition hearing.  (Doc. 12.)  On March 24, 2020, Defendant's Presentence Report ("PSR") was disclosed, with United States Probation concluding that Defendant's total offense level was 13 and her criminal history

category was IV.   (Doc. 15, ¶ 49.)   Defendant contends that her dated criminal convictions overrepresent her criminal history, resulting in a guideline sentence range which is substantially higher than anticipated.   (Doc. 19 at 2.)   Accordingly, she asks the Court to allow her to withdraw her guilty plea, or, in the alternative, set aside the plea agreement.   The Government opposes Defendant's requested relief.

## DISCUSSION

### I.      Defendant May Not Withdraw Her Guilty Plea.

#### A.      Defendant's Guilty Plea Was Accepted; It Cannot Be Withdrawn as a Matter of Right.

Federal Rule of Criminal Procedure 11(d)(1) provides that a "defendant may withdraw a plea of guilty or nolo contendere: before the court accepts the plea, for any reason or no reason." The Tenth Circuit has held that magistrate judges have the authority to formally accept Rule 11 guilty pleas with a defendant's consent. *United States v. Qualls*, 741 F. App'x 592, 595 (10th Cir. 2018) (unpublished) ("[W]ith a defendant's express consent, the broad residuary 'additional duties' clause of the Magistrates Act authorizes a magistrate judge to conduct a Rule 11 felony plea proceeding . . . and accept guilty pleas.").

Defendant argues that she has an unequivocal right to withdraw her guilty plea.   She contends that because the *district* court has not yet indicated its acceptance of the plea, she should be allowed to withdraw it.   But Defendant consented to plea before the Magistrate Judge.   The Magistrate Judge accepted the plea.   As such, the time for Defendant to withdraw her plea, for any reason or no reason under Rule 11(d)(1), has come and gone.   In fact, this exact argument was foreclosed by the Tenth Circuit in *Qualls*.   There, the Circuit held that despite the defendant's protestations that "the magistrate judge did not—and could not have—"accepted his plea, controlling precedent dictated otherwise.   *Id.* at 595.   There is nothing in the plain language of the

Rule to support Defendant's view that her right to withdraw can only be extinguished by the *district* court's, as opposed to the magistrate court's, acceptance of her guilty plea.  Defendant also cites no controlling case law to support her position.  Accordingly, the Court finds that Defendant is not entitled to withdraw her guilty plea as of right.

### B.     Defendant Has Not Established a Fair and Just Reason for Permissive Withdrawal.

Even where a defendant has no unequivocal right to withdraw a guilty plea, Federal Rule of Criminal Procedure 11(d)(2)(B) permits a defendant to withdraw an accepted guilty plea before the imposition of a sentence if the defendant can show a "fair and just reason for requesting the withdrawal."  The Tenth Circuit has established a list of factors (the *Gordon* factors) to analyze whether a defendant has submitted a fair and just reason for withdrawal:

> (1) whether the defendant asserted [her] innocence; (2) whether the plea was knowing and voluntary; (3) whether defendant was assisted by counsel; (4) whether the defendant delayed filing his motion and, if so, why; (5) whether withdrawal would prejudice the government; (6) whether withdrawal would substantially inconvenience the court; and (7) whether withdrawal would waste judicial resources.

*Qualls*, 741 F. App'x at 596 (citing *United States v. Gordon*, 4 F.3d 1567, 1572 (10th Cir. 1993)).

Here, Defendant gives short shrift to the Gordon factors and does not address the first three factors, which the Tenth Circuit has said "are the most important in our evaluation and are frequently dispositive," at all.  *Qualls*, 741 F. App'x at 597 (internal citation omitted). Defendant does not assert her actual innocence, nor that her plea was not knowingly and voluntarily made, nor that she was unassisted by counsel.  Instead, Defendant focuses on the pragmatic factors of whether the court will be inconvenienced and whether judicial resources will be wasted.  The Court does not view these considerations as holding substantial weight, especially when balanced against the fact that Defendant has already admitted to being in the United States illegally, (Doc. 15, ¶ 5),

and makes no assertion that her plea was made unknowingly or involuntarily.  The Court also notes that Defendant appears to have been competently represented by counsel, and makes no argument otherwise.

Defendant's proffered fair and just reason for withdrawal is that her guideline sentence range is substantially higher than anticipated, given the inclusion of several "very dated" convictions in her criminal history analysis.  (Doc. 17 at 4.)  But the Tenth Circuit considered—and ultimately rejected—a similar argument in *United States v. Rhodes*, 913 F.2d 839 (10th Cir. 1990) (*superseded on other grounds by* amendment to Rule 11).  In *Rhodes*, the defendant argued that his plea was not voluntary because his guideline sentence turned out to be significantly higher than anticipated.  *Id.* at 843.  The Tenth Circuit rejected this argument, holding that the disparity between the anticipated and actual guideline sentences was not grounds for withdrawal of the plea. *Id.* at 844.  *See also  United States v. Bond*, 135 F.3d 1247 (8th Cir. 1998); *United States v. Savage*, 891 F.2d 145 (7th Cir. 1989).  This Court concludes likewise.  The fact that Defendant did not correctly anticipate her guideline sentence range, without more, is not a sufficient reason to allow her to withdrawal her guilty plea.

Additionally, the Tenth Circuit has held that "a court need not address . . . the inconvenience to the court[] or the waste of judicial resources factors unless the defendant establishes a fair and just reason for withdrawing his guilty plea in the first instance."  *United States v. Byrum*, 567 F.3d 1255, 1265 (10th Cir. 2009).  Here, because Defendant has failed to establish a fair and just reason for withdrawal, the Court does not address her arguments as to these factors.

## II.    Although Defendant's Guilty Plea Stands, the Court Will Set Aside Her Plea Agreement.

Defendant argues in the alternative that the plea agreement should be set aside.  While the

Court sees no basis to permit Defendant withdraw her guilty plea, the Court will set aside the plea agreement.

"In addressing the question of whether, and under what circumstances a district court may reject a plea agreement entered into between the defendant and government, our starting point is Rule 11 which describes the procedures for the acceptance or rejection of those agreements." *United States v. Robertson*, 45 F.3d 1423, 1437 (10th Cir. 1995). Rule 11(c)(3)(A) permits a district court to reject a Rule 11(c)(1)(C) plea agreement:

> To the extent the plea agreement is of the type specified in Rule 11 (c)(1)(A) or (C), the court may accept the agreement, reject it, or defer a decision until the court has reviewed the presentence report.

The Rule, however, "does not attempt to define criteria for the acceptance or rejection of a plea agreement. Such a decision is left to the discretion of the individual trial judge." *Id.* at Advisory Committee Notes. "Because sentencing is within the exclusive purview of the district court, the court has a wide range of discretion to either accept or reject sentence bargains, as contemplated by Rule 11(c)(1)(B) and (C)." *United States v. Macias-Gonzalez*, 219 F. App'x 814, 817 (10th Cir. 2007) (unpublished). As such, "so long as district courts exercise sound judicial discretion in rejecting a tendered plea, Rule 11 is not violated." *Robertson*, 45 F.3d at 1437 (citing *Santobello v. New York*, 404 U.S. 257, 262 (1971)).

Under her plea agreement, Defendant is precluded from arguing for a downward departure, variance, or other reduction to her sentence. Additionally, she is not permitted to challenge her conviction or sentence on appeal. However, Defendant avers that because her criminal history is overrepresented in the PSR, she should be permitted to set the agreement aside and argue downward under United States Sentencing Guideline ("USSG") § 4A1.3(b)(1). The Courts notes that the Government's Response is devoted entirely to its opposition of Defendant's request to

withdraw her guilty plea; it makes no specific, non-conclusory argument with respect to the plea agreement.

Having concluded that Defendant's guilty plea is valid, the Court nevertheless believes that there is some potential merit to her argument that her criminal history is overrepresented by the PSR.  Review of the PSR shows that, apart from an illegal reentry from 2014, all of her convictions are more than 15 years old.  Generally, under the Sentencing Guidelines, such dated offenses would not be included in the criminal history calculus.  *See* USSG § 4A1.2(e).  But Defendant alleges that in her case, due to the imposition of an extended term of probation and supervised release for two Oregon state convictions from 2000 and 2004, criminal history points were added which overrepresent her criminal history.  Defendant contends that she did not anticipate being designated to such a high criminal history category, and therefore anticipated a lower guideline range sentence.

While an inaccurate estimate of a guideline sentence is not grounds to withdraw a guilty plea, this Court is of the view that the ends of justice here would be better served if the plea agreement is set aside and Defendant is permitted to argue for a downward variance or departure. One of the main goals of sentencing is to avoid unwarranted sentencing disparities.  *See* 18 U.S.C. § 3553(a)(6).  Given that most offenders with records similar to that of Defendant would not have accrued points for such remote criminal convictions, it strikes the Court that, at least potentially, Defendant could receive a disparate sentence under the terms of her plea agreement.  As this Court has explained before, it is within the Court's discretion to reject a plea agreement when it does not satisfy the goals of sentencing.  *United States v. Rodriguez-Armendariz*, 329 F.R.D. 277, 281 (D.N.M. 2018) (Johnson, C.J.) (citing *Robertson*, 45 F.3d at 1439)).  Therefore, in light of its obligation to impose a sentence that is sufficient, but not greater than necessary to accomplish the

6

goals of sentencing, and its reservations that the plea agreement in this case could potentially result in an unwarranted sentencing disparity, the Court finds that the plea agreement should be set aside.

## CONCLUSION

For all the foregoing reasons, Defendant's Motion to Set Aside Plea Agreement, or, in the Alternative, to Withdraw Guilty Plea (**Doc. 17**) is **GRANTED IN PART**.  Defendant may not withdraw her guilty plea, but, pursuant to Fed. R. Crim. P. 11 (c)(3)(A), the Court **REJECTS** and sets aside the plea agreement in this matter.

**IT IS SO ORDERED.**

_____

CHIEF UNITED STATES DISTRICT JUDGE